UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD ISAAC JOHNSON,

Plaintiff,

v.

MONROE CORRECTIONAL
COMPLEX et al.

Defendants.

CASE NO. C13-5167 RBL-JRC

REPORT AND RECOMMENDATION
TO DENY IN FORMA PAUPERIS
STATUS AND WARN PLAINTIFF

NOTED FOR:
APRIL 19, 2013

The District Court has referred this 42 U.S.C. § 1983 civil rights action to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff asks that the Court grant him in forma pauperis status (ECF No. 1). The Court recommends denying the motion and dismissing this action, warning plaintiff that he may face sanctions if he continues filing this claim improperly. Plaintiff should not be given the option of paying the filing fee. The action cannot proceed as a civil rights action until and unless plaintiff's conviction is overturned through habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

1    Plaintiff is an inmate being held at the Federal Detention Center. Plaintiff seeks to

2    challenge a conviction and sentence for trespass and voyeurism in a civil rights action. Plaintiff

3    seeks monetary damages (ECF No. 1, proposed complaint). Normally, the Court would file a

4    report and recommendation to dismiss the action without prejudice so that plaintiff could file a

5    habeas corpus petition to challenge his conviction and sentence. The Court may or may not grant

6    in forma pauperis status in such cases.

7    The Court's review of plaintiff's litigation history shows that plaintiff has raised this

8    issue three times as a pauper. Plaintiff is abusing the statute that allows for the filing of actions in

9    forma pauperis. 28 U.S.C. § 1915.  Plaintiff currently has a habeas petition pending where he

10   challenges the convictions that are the subject of his current complaint. *See*, *Johnson v. Monroe*

11   *Correctional Complex*, 13-5008RBL/JRC. Further, plaintiff has obtained in forma pauperis

12   status and attempted to challenge these same convictions and sentence in civil rights actions

13   three other times:

14       1.      Johnson v. Gildehaus 12-5818RBL/KLS

15       2.      Johnson v. State of Washington 12-5839BHS/KLS

16       3.      Johnson v. State of Washington 12-5864RBL/JRC.

17   Plaintiff's repetitive filings are vexatious and malicious. The district court may permit

18   indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of

19   indigence. *See* 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an

20   application to proceed in forma pauperis and the Court may consider prior filings. *O'Loughlin v.*

21   *John Doe*, 920 F.2d 614, 616-17 (9th Cir. 1990). Given plaintiff's prior litigation history the

22   Court recommends denying plaintiff's motion to proceed in forma pauperis and warning plaintiff

23   that further improper filings may result in sanctions.

24

1      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

3  6. Failure to file objections will result in a waiver of those objections for purposes of de novo

4  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

5  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April

6  19, 2013, as noted in the caption.

7      Dated this 19th day of March, 2013.

8

9  _____

10  J. Richard Creatura
    United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 3